981 So.2d 299 (2007)
George R. BARTON and Betty S. Barton, Appellants
v.
Joseph L. BLOUNT, Commissioner and Mississippi State Tax Commission, Appellees.
No. 2006-CA-00698-COA.
Court of Appeals of Mississippi.
September 4, 2007.
Rehearing Denied January 22, 2008.
*300 Harris H. Barnes, Flowood, attorney for appellants.
Gary Wood Stringer, Jackson, Ashley May, attorneys for appellees.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. George R. Barton and Betty S. Barton (the Bartons) appeal the decision of the Chancery Court of Hinds County affirming an income tax assessment by the Mississippi State Tax Commission (MSTC). The Bartons argue that the MSTC erred in its application of the tax exemption in Mississippi Code Annotated section 27-7-9(f)(10)(B) (Rev.1998), resulting in their overpayment of taxes on depreciation recapture following a sale of corporate assets. They contend that they are entitled to a refund of the overpaid amount.
¶ 2. We find error in the MSTC's interpretation of the depreciation recapture provision in section 27-7-9(f)(10)(B)(iii). Therefore, we reverse and remand this case to the MSTC for a recalculation of the tax assessment consistent with this opinion.

FACTS
¶ 3. The Bartons, incorporated as Barton, Inc., owned and operated McDonald's franchises in Mississippi. On October 27, 2000, the Bartons sold substantially all of their corporate assets respecting their McDonald's franchises to MNM Enterprises, LLC, a Delaware corporation. Within one year of the sale, the Bartons adopted a Plan of Liquidation and voluntarily filed Articles of Dissolution with the Mississippi Secretary of State. Later, the MSTC conducted an audit that resulted in an additional tax assessment for the tax year 2000.
¶ 4. Pursuant to section 27-7-9(f)(10)(B), the audit recaptured and taxed all the depreciation and amortization which the Bartons had previously taken on the sold assets. The MSTC issued a Notice of Assessment for the additional tax to the Bartons. The Bartons responded by filing an amended tax return for the year 2000 and remitted additional tax in the amount of $9,403, representing the recapture of depreciation taken only on those items subject to Internal Revenue Code Section 1245. The MSTC issued a Notice of Assessment of $1,034 in interest due on this amount as the result of filing the amended tax return; the Bartons paid the interest due.
¶ 5. Then, the Bartons appealed the assessment to the MSTC and contested the recapture of any depreciation and amortization unrelated to Section 1245 assets. After a hearing, the Board of Review affirmed the assessment in the amount of $57,667, including penalties and interest through June 30, 2002. The Bartons appealed to the Full Commission, which held a hearing and affirmed the assessment. The Bartons paid the assessment in full and then appealed to the chancery court, which entered a summary judgment in favor of the MSTC.

*301 STANDARD OF REVIEW
¶ 6. The issue of how depreciation recapture is to be determined under section 27-7-9(f)(10)(B) presents a question of law. The chancellor found that the MSTC was entitled to a judgment as a matter of law and granted the MSTC's motion for summary judgment. Our review of the grant or denial of summary judgment is de novo. Laurel Yamaha, Inc. v. Freeman, 956 So.2d 897, 902(¶ 17) (Miss.2007). Nonetheless, respecting the question of statutory interpretation presented, "we are obligated to respect the agency's interpretation and give deference to it concerning administration of laws under which the agency operates or those which it has responsibility to administer." State v. Beebe, 687 So.2d 702, 705 (Miss. 1996). While we do afford great deference to the agency's interpretation of its own statutes and rules, if the agency's interpretation is contrary to the unambiguous terms or best reading of a statute, no deference is due. Sierra Club v. Miss. Env. Quality Permit Bd., 943 So.2d 673, 679(¶ 17) (Miss.2006).

LAW AND ANALYSIS
I. DID THE CHANCERY COURT ERR IN AFFIRMING THE ORDER OF THE MSTC REGARDING THE ASSESSMENT OF INCOME TAXES AGAINST THE BARTONS PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTION 27-7-9(f)(10)(B)?
¶ 7. This appeal centers on the interpretation of a tax exemption found at Mississippi Code Annotated section 27-7-9(f)(10)(B). Mississippi's tax code provides for the recognition, as ordinary income, of gain on the sale of property unless an exception applies. Miss.Code Ann. § 27-7-9(b). Section 27-7-9(f) enumerates exceptions to the recognition of gain. Effective January 1, 1994, the legislature amended section 27-7-9(f) by adding subsection (10), which provided for the nonrecognition of gain from the sale of authorized shares in domestic corporations or partnership interests in limited partnerships that had been held for over one year. 1994 Miss. Laws 483.
¶ 8. In 1995, the legislature amended section 27-7-9(f)(10) to provide:
Sales of certain interests in financial institutions domiciled in Mississippi, domestic corporations, domestic limited partnerships or domestic limited liability companies.
(A) No gain shall be recognized from the sale of authorized shares in financial institutions domiciled in Mississippi and domestic corporations, or partnership interests in domestic limited partnerships and domestic limited liability companies, that have been held for more than one (1) year.
(B) No gain shall be recognized from the sale of all or substantially all of the assets in domestic corporations provided:
(i) The assets of the corporation have been held for more than one year;
(ii) The corporation is totally liquidated and dissolved within one (1) calendar year from the date of the sale of all or substantially all of the assets of the corporation; and
(iii) The depreciation that has been taken on the assets of the corporation shall be recaptured and taxed as ordinary income in the same manner as provided for in Section 1245 of the Internal Revenue Code, as amended, and any corresponding regulations relating to Section 1245 property.
1995 Miss. Laws 473.
¶ 9. In 1997, the legislature again amended section 27-7-9(f)(10) to the version *302 applicable to the Barton's year 2000 tax return. Only subsection (f)(10)(B) is relevant to this appeal. The amended subsection (f)(10)(B) provided:
No gain shall be recognized from the sale of all or at least ninety percent (90%) of the assets in domestic corporations except those assets that represent the ownership interest of another entity provided:
(i) The assets of the corporation have been held for more than one (1) year;
(ii) The corporation is totally liquidated and dissolved within one (1) calendar year from the date of the sale of all or at least ninety percent (90%) of the assets of the corporation; and
(iii) The depreciation and/or amortization that has been taken on the assets of the corporation shall be recaptured and taxed as ordinary income in the same manner as provided for in Section 1245 of the Internal Revenue Code, as amended, and any corresponding regulations relating to Section 1245 property. All depreciation and/or amortization shall be recaptured up to cost prior to any nonrecognition of gains.

1997 Miss. Laws 381 (emphasis added).[1]
¶ 10. The Bartons' year 2000 tax assessment taxed their income from the sale of two McDonald's franchises in Vicksburg, one on Frontage Road and one on Clay Street. The parties agree that the corporate assets had been held for over a year before the sale and that the corporation was totally liquidated or dissolved within one year of the sale of all the assets, triggering the tax exemption at section 27-7-9(f)(10)(B). In their brief, the Bartons included a breakdown of the accounting of the sales showing that they realized $1,507,224 from the sale of the two stores, with $1,016,087 of that amount constituting gain.[2] We note that the Bartons' breakdown failed to carry over the amount realized of $2,777 and adjusted basis of $2,777 on the leasehold improvements from the Frontage Road store. After adjusting for this apparent mistake in the Bartons' calculations, the amount realized on the sale of both stores should have been $1,510,001, with $1,016,087 in gain. The adjusted basis on all of the assets was $421,153, reflecting accumulated depreciation of $941,495. This amount of depreciation was adjusted to $936,332 after the subtraction of the net of certain items that were classified as written off/junked. The Bartons allege that $936,332 was the amount which the MSTC recaptured as ordinary income pursuant to section 27-7-9(f)(10)(B).
¶ 11. According to the Bartons, their corporate assets consisted of furniture, fixtures, and signs classified under the Internal Revenue Code as Section 1245 property; leasehold improvements classified as Section 1250 property; and goodwill, an intangible asset classified as Section 197 property. See 26 U.S.C.A. §§ 197, 1245, 1250 (West 2006). The Bartons aver that they entered into an agreed price allocation *303 with the buyer, MNM, in which the purchase price (amount realized) of the corporate assets was allocated between Section 1245 assets, Section 1250 assets, and Section 197 intangibles. The Bartons included a summary of this price allocation in their brief. Also, the Bartons included a breakdown of the depreciation or amortization taken on furniture and fixtures ($510,502), signs ($51,668), leasehold improvements ($56,257), and goodwill ($323,068). This amount totaled $941,495, which in the MSTC assessment was reduced to $936,332 and recaptured as ordinary income.
¶ 12. The Bartons argue that they "should only be required to recapture as ordinary income the amount of depreciation taken with respect to such equipment up to the amount of the gain realized which should be determined by reference to the purchase price allocation with respect to such I.R.C. § 1245 property." This argument has two facets, which will be addressed in turn. Firstly, the Bartons argue that section 27-7-9(f)(10)(B)(iii) only requires depreciation recapture with respect to Section 1245 property, not Section 1250 or Section 197 property. Secondly, the Bartons argue that under section 27-7-9(f)(10)(B)(iii) the amount of depreciation recapture must be calculated in the same manner promulgated by Section 1245 and associated regulations. More about depreciation recapture under Section 1245 will be explained later.
¶ 13. The primary rule of statutory construction requires this Court to determine the intent of the legislature "from the statute as a whole and from the language used therein." MIC Life Ins. Co. v. Hicks, 825 So.2d 616, 621(¶ 12) (Miss.2002) (quoting Clark v. State, 381 So.2d 1046, 1048 (Miss. 1980)). Our chief objective is to interpret the statute consistent with the true intent of the legislature. Anderson v. A.C. Lambert, 494 So.2d 370, 374 (Miss.1986). When a statute is plain and unambiguous, we must afford the statute its plain meaning, refraining from principles of statutory construction. OXY USA, Inc. v. Miss. State Tax Comm'n, 757 So.2d 271, 274(¶ 12) (Miss.2000). "[T]his Court cannot omit or add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated." City of Houston v. Tri-Lakes Ltd., 681 So.2d 104, 106 (Miss. 1996). Moreover, we are not permitted to ignore statutory language. "A construction which will render any part of a statute inoperative, superfluous, or meaningless is to be avoided." State ex. rel. Pair v. Burroughs, 487 So.2d 220, 226 (Miss.1986). We must, if possible, read the entire statute in a way that harmonizes all of its parts consistent with its scope and object. McKnight v. Mound Bayou Pub. Sch. Dist., 879 So.2d 493, 497-98(¶ 15) (Miss.Ct. App.2004) (quoting Ellison v. Mobile & O.R. Co., 36 Miss. 572, 585 (1858)).
¶ 14. The Bartons contend that the statute's statement that depreciation and/or amortization "shall be recaptured and taxed as ordinary income in the same manner as provided for in Section 1245 of the Internal Revenue Code . . . and any corresponding regulations relating to Section 1245 property" means that only depreciation on Section 1245 property may be recaptured. A reading of the entire statutory subsection thoroughly refutes this argument. The subsection provides for the non-recognition of gain from the sale of "all or at least ninety percent (90%) of the assets in domestic corporations except those assets that represent the ownership interest of another entity" if the sale meets three conditions. Miss.Code Ann. § 27-7-9(f)(10)(B). The first condition is that the assets of the corporation have been held for over a year, the second condition is *304 that the corporation is totally liquidated and dissolved within one calendar year from the date of the sale of all or ninety percent of the assets of the corporation, and the third condition requires the recapture of "the depreciation and/or amortization that has been taken on the assets of the corporation." Id.
¶ 15. Plainly, in the first and second conditions, the phrase, "the assets of the corporation," refers to all of the corporate assets, not merely the corporation's Section 1245 property. The third condition states that there must be recapture of the depreciation and amortization taken on "the assets of the corporation . . . in the same manner as provided for in Section 1245. . . ." Clearly, in the third condition, just as in the first and second conditions, "the assets of the corporation" refers to all of the corporate assets. The plain language of the statute unambiguously indicates that it is "the assets of the corporation" that are subject to recapture, not merely Section 1245 assets. The language, "in the same manner as provided for in Section 1245," simply means that the recapture of depreciation or amortization taken on the corporate assets will be conducted as provided for in Section 1245.
¶ 16. Having concluded that all the corporate assets were subject to recapture, we proceed to the second facet of the Bartons' argument. In essence, the Bartons argue that the MSTC was required to, but did not, calculate the recapture of depreciation and amortization "in the same manner as provided for in Section 1245." The best way to approach this argument is with a brief explanation of some simple aspects of Mississippi's income tax code. The code provides for the recognition as ordinary income of gain on the sale of property unless an exception applies. Miss.Code Ann. § 27-7-9(b). The amount of gain from the sale of property is calculated by subtracting the adjusted basis in the property from the amount realized. Miss.Code Ann. § 27-7-9(a)(1) (Rev.2006). The adjusted basis is the original cost or, other basis of, the property minus the depreciation or amortization deductions allowable on the property, whether or not those deductions were claimed or formerly allowed. Miss.Code Ann. § 27-7-9(e)(1) (Rev.2006). The amount realized is the amount the buyer paid the seller for the item. Miss.Code Ann. § 27-7-9(a)(2) (Rev.2006).
¶ 17. As previously discussed, section 27-7-9(f)(10)(B) provides an exemption from the recognition of gain from a sale of corporate assets meeting three conditions, one of which is that the depreciation or amortization taken on the assets be recaptured and taxed as ordinary income. Prior to its amendment in 1997, section 27-7-9(f)(10)(B)(iii) stated:
The depreciation and/or amortization that has been taken on the assets of the corporation shall be recaptured and taxed as ordinary income in the same manner as provided for in Section 1245 of the Internal Revenue Code, as amended, and any corresponding regulations relating to Section 1245 property.
The plain meaning of this language is that any depreciation and amortization taken on the corporate assets must be recaptured and added to ordinary income using the method prescribed by Section 1245 and the regulations relating to Section 1245 property. We now reach our discussion of that method.
¶ 18. Under Internal Revenue Code Section 1245, a portion of the gain realized on depreciated property is recognized as ordinary income, or "recaptured." Without Section 1245, such gain would not be recognized as ordinary income under the Internal Revenue Code. 26 C.F.R. *305 § 1.1245-1(a)(1) (West 2007). Section 1245(a) states, in pertinent part:
(a) General rule. 
(1) Ordinary income.  Except as otherwise provided in this section, if section 1245 property is disposed of the amount by which the lower of 
(A) the recomputed basis of the property, or
(B)(i) in the case of a sale, exchange, or involuntary conversion, the amount realized, or
(ii) in the case of any other disposition, the fair market value of such property, exceeds the adjusted basis of such property shall be treated as ordinary income. Such gain shall be recognized notwithstanding any other provision of this subtitle.
(2) Recomputed basis.  For purposes of this section 
(A) In general.  The term "recomputed basis" means, with respect to any property, its adjusted basis recomputed by adding thereto all adjustments reflected in such adjusted basis on account of deductions (whether in respect of the same or other property) allowed or allowable to the taxpayer or to any other person for depreciation or amortization.
26 U.S.C.A. § 1245 (West 2006). Under Section 1245, in the case of a sale, the amount of depreciation recapture is calculated for each item of property by subtracting the adjusted basis from the lower of the amount realized or the recomputed basis. Under Section 1245(a)(2)(A), the recomputed basis is the adjusted basis with the allowable or allowed depreciation or amortization deductions added back in.[3]
¶ 19. Treasury Regulations section 1.1245-1(a) states that, under Section 1245, "the amount of such gain shall be determined separately for each item of section 1245 property." 26 C.F.R. § 1.1245-1(a) (West 2007). The same regulation provides a method for determining what constitutes "an item" of Section 1245 property. Id. The regulation also states that, when a sale consists of Section 1245 property and non-Section 1245 property, "the total amount realized upon the disposition shall be allocated between the section 1245 property and the non-section 1245 property in proportion to their respective fair market values." Id. When the buyer and seller have adverse interests in the allocation of the amount realized, they may enter into an arms-length agreement on the price allocation. Id. The Bartons and MNM entered into such an agreement and allocated the purchase price of the stores between furniture and fixtures, signs, leasehold improvements, and goodwill.
¶ 20. In 1997, subsection (iii) of 27-7-9(f)(10)(B) was amended to add, "[a]ll depreciation and/or amortization shall be recaptured up to cost prior to any nonrecognition of gains." The MSTC contends that the effect of this amendment was to deviate from the Section 1245 method of calculating depreciation recapture in which the adjusted basis is subtracted from the lower of the recomputed basis or the amount realized. The MSTC contends that, after the amendment, the only permissible depreciation recapture calculation is to subtract the adjusted basis from the cost of the item.
¶ 21. According to the Bartons, they paid $976,380 for the Frontage Road store and $386,268 for the Clay Street store, for a total cost of $1,362,648. The Bartons *306 took $617,502 in depreciation/amortization deductions on the Frontage Road store assets, and $323,993 in depreciation/amortization deductions on the Clay Street store assets, totaling $936,332 after adjustment for property that was written off as junked. After depreciation/amortization, the adjusted basis in the assets of the Frontage Road store was $358,878 and of the Clay Street store was $62,275, totaling $421,153. The Bartons realized $1,510,001 on the sale of both stores and experienced gain of $1,016,087.[4] Under section 27-7-9(f)(10)(B), the MSTC assessed the Bartons $936,332 in depreciation/amortization recapture. Apparently, to reach this figure, the MSTC subtracted the adjusted basis of $421,153 from the total cost of $1,362,648 and then adjusted for the property written off as junked.
¶ 22. The Bartons argue that the MSTC's method of recapturing depreciation "up to cost" was contrary to the reference to Section 1245 in section 27-7-9(f)(10)(B)(iii) and effectively penalized them by recapturing depreciation over what was realized in the sale. To illuminate this argument, we provide a brief example. As stated, the MSTC argues that the only permissible depreciation recapture calculation under the post-amendment section 27-7-9(f)(10)(B)(iii) is to subtract the adjusted basis from the cost of the item. Assume a corporation had a single asset, a tractor, with a cost of $10,000 and an adjusted basis of $3,000. To calculate the pre-amendment depreciation recapture from the sale of the tractor for $4,000, under 27-7-9(f)(10)(B)(iii) and Section 1245, the taxpayer would subtract the adjusted basis from the amount realized, arriving at depreciation recapture of $1,000. But after the amendment, the taxpayer would subtract the adjusted basis from the cost, and the depreciation recapture would be $7,000. Thus, the post-amendment calculation of cost minus the adjusted basis would result in recapture of the entire amount realized of $4,000 plus an additional $3,000 in depreciation earlier recovered by the taxpayer during the tractor's useful life but not realized in the sale.
¶ 23. Under section 27-7-9(b), only gain is recognized as ordinary income. A taxpayer's gain is less than or equal to the amount realized because, in determining gain, the adjusted basis is subtracted from the amount realized. Therefore, if section 27-7-9(f)(10)(B) were intended upon the sale of corporate assets to recapture depreciation over and above the amount realized, then the section would operate as a tax penalty. Section 27-7-9(f)(10)(B) is contained within a list of exceptions to the recognition of gain. Before the 1997 amendment, the section clearly operated as a tax exemption, not a tax penalty. For these reasons, we conclude that the 1997 amendment to section 27-7-9(f)(10)(B)(iii) cannot be construed as a tax penalty. Accordingly, while the proper recapture calculation under section 27-7-9(f)(10)(B) is indeed the cost minus the adjusted basis, the MSTC cannot recapture depreciation over and above the amount which the taxpayer gained on the sale. Miss.Code Ann. § 27-7-9(b).
*307 ¶ 24. According to the MSTC's calculation of depreciation recapture, the MSTC did not recapture depreciation above the amount realized on the sale. As stated, the Bartons realized $1,510,001 on the sale of both stores. The MSTC recaptured $936,333, less than the gain on the sale of $1,016,087. Under section 27-7-9(f)(10)(B), the difference between $1,016,087 and $936,333 was non-recognized. The Bartons argue that the proper calculation under section 27-7-9(f)(10)(B)(iii) required the use of the Bartons' agreed price allocation. The price allocation divided the total amount realized on the sale among the various items. When the price allocation rather than the total amount realized is used in the calculation of depreciation recapture, for many items, the MSTC's recapture of all the depreciation taken on the item exceeds the amount realized for the item.
¶ 25. For example, according to the price allocation, the Bartons realized $147,224 on the sale of the furniture and fixtures from the Frontage Road store. The Bartons had taken depreciation deductions on the furniture and fixtures of $238,160, leaving an adjusted basis in the furniture and fixtures of $61,373. The MSTC's recapture of all the depreciation taken on the furniture and fixtures meant that more depreciation was recaptured ($238,160) than the Bartons realized on the sale ($147,224). On the other hand, the Bartons allocated the bulk of the amount realized on both stores to goodwill, an asset in which they had taken little amortization. On the Clay Street store, the Bartons allocated $608,939 of the $758,932 sale price for the store to goodwill. The Bartons had taken only $8,016 in amortization deductions on the goodwill. Therefore, the MSTC's recapture of the entire $8,016 in amortization deductions did not exceed the amount realized. Because depreciation recapture under section 27-7-9(f)(10)(B)(iii) cannot exceed the amount realized, calculating depreciation recapture for each type of item by using the Bartons' price allocation results in less recapture than under the MSTC's calculation.
¶ 26. Thus we reach the fundamental question in this appeal. Under section 27-7-9(f)(10)(B)(iii), must the MSTC adhere to the taxpayer's agreed-upon price allocation, or can the MSTC simply recapture and tax all of the prior deductions for depreciation/amortization as long as the recapture is less than the total amount realized on the sale of corporate assets? We look to the language of section 27-7-9(f)(10)(B)(iii), seeking to harmonize all of its parts in order to give effect to the legislative intent. McKnight, 879 So.2d at 497-98(¶ 15). The section provides that the depreciation taken on the assets is to be recaptured and taxed as ordinary income in the same manner provided by Section 1245 and accompanying regulations. The 1997 amendment further provides that all depreciation/amortization must be recaptured up to cost prior to the non-recognition of gain. We have already settled that this language means that the recapture must be calculated by subtracting the adjusted basis from the cost and that the amount of recapture cannot exceed the amount realized. The MSTC's basic contention is that this language not only changed the Section 1245 recapture calculation that used the lesser of the recomputed basis or the amount realized, but also obliterated the Section 1245 requirement of calculating recapture on a per-item basis. See 26 C.F.R. 1.1245-1(a). We cannot agree. In amending section 27-7-9(f)(10)(B) in 1997, the legislature declined to delete the requirement that the depreciation/amortization be recaptured and taxed "in the same manner as provided for in Section 1245 . . . and any corresponding regulations relating to Section *308 1245 property." We must harmonize this language with the language of the 1997 amendment. This is readily done, as the 1997 amendment may be read as removing Section 1245's recapture calculation and substituting the calculation mandated by the amendment, but not otherwise altering the Section 1245 procedure. Therefore, whatever procedure was used for determining the amount realized on the sale of assets for recapture purposes prior to the 1997 amendment remains the method that must be used after the 1997 amendment.
¶ 27. Looking to Section 1245 and its corresponding regulations, Treasury Regulations section 1.1245-1(a) provides that the amount of gain under Section 1245 "shall be determined separately for each item of section 1245 property." When both Section 1245 property and property other than Section 1245 property are sold together, then the amount realized is to be allocated between the Section 1245 property and the non-Section 1245 property in proportion to their respective fair market values. A buyer and seller having adverse interests in the allocation of the amount realized between Section 1245 property and non-Section 1245 property may enter into an arms-length agreement as to the price allocation. Thus, it appears that under the regulations applicable to Section 1245 property, which apply to "the assets of the corporation" under section 27-7-9(f)(10)(B), the amount of gain must be separately determined for "each item." However, this Court does not attempt to concretely determine the meaning of these regulations as that question is not before the Court today, but is a proper subject for the expertise of the MSTC. Our adjudication is limited to whether Section 1245 and its regulations apply to the determination of recapture after the 1997 amendment. We have answered that question in the affirmative and hold that the 1997 amendment did nothing to alter the applicability of Section 1245 and its regulations to the recapture of depreciation/amortization under section 27-7-9(f)(10)(B). On remand, the MSTC is to apply Section 1245 and its corresponding regulations in determining the amount realized in the same manner as it would have prior to the 1997 amendment, recognizing the limited change caused by the substitution of up to cost recapture for the pre-amendment recapture calculation contained in Section 1245(a). We reverse and remand this case for the MSTC to recalculate and assess the taxes due for depreciation/amortization recapture in a manner consistent with this opinion.
¶ 28. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.
NOTES
[1] Section 27-7-9(f)(10) was again amended in 2005 to delete subsection (B). 2005 Miss. Laws 497; see Miss.Code Ann. § 27-7-9(f)(10) (Rev.2006).
[2] No records of the MSTC were included in this appeal. Therefore, none of the actual monetary amounts at issue have been properly placed before this Court. "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Mason v. State, 440 So.2d 318, 319 (Miss. 1983). It is for the limited purpose of illustrating our explanation of the statutory interpretation issue that we refer to the monetary amounts alleged in the Bartons' brief. On remand, the MSTC is to recalculate the tax due with reference to the actual figures before the agency.
[3] Under Section 1245(a)(2)(B), if the taxpayer establishes that the amount of depreciation or amortization allowed was less than the amount allowable, the amount added to the adjusted basis is the amount allowed.
[4] The Bartons' brief indicates that the total amount of gain reflects an adjustment to gain on the goodwill from the Clay Street Store for installment sales income. Before the adjustment, this gain totaled $594,455, which then was adjusted by applying a gross profit percentage of 97.62% times $534,405 in payments received during the year, for a total of $521,694 attributed to goodwill/franchise costs and fees. This total was eight dollars higher than the Court's calculation. However, minor inconsistencies in the Bartons' monetary calculations are largely irrelevant to this appeal, which turns on the meaning of section 27-7-9(f)(10)(B)(iii).