CARLTON, J., for the Court:
FACTS
¶ 1. On June 26, 2005, Nicholas Seidl drove his Jeep on County Road 100 in Lee County, Mississippi, which has a posted speed limit of fifty-five miles per hour. Nicholas’s brother, John Seidl, was also in the car. While Nicholas was driving, the vehicle’s right front tire dropped off the right edge of the paved surface. Nicholas was ejected from the vehicle, resulting in injuries that left him a paraplegic. John remained in the vehicle, and he sustained a broken leg.
¶ 2. Deputy Rick Payne of the Lee County Sheriffs Department arrived on the scene and investigated the accident. According to Deputy Payne’s report, the two right tires of Nicholas’s vehicle went off the right side of County Road 100, and the vehicle traveled fifty to seventy-five feet up the ditch off of the road, and then it rolled over twice and re-entered the road. Various reports listed that the distance from the shoulder to the pavement edge, otherwise known as the pavement differential, measured anywhere from five to eight and one-half inches, depending on where the measurements were taken.
¶ 3. At the time of the accident, Tim Allred served as the Lee County road manager. Allred testified by deposition that at the time of the accident, no written policies or procedures for maintaining county roadways existed. Allred testified that for Lee County, the “maximum acceptable distance from the shoulder to the *1248 pavement edge,” also known as the “differential,” was three to four inches, and that would just be a temporary distance until the County could come back and work on the roadway. Further, he stated that the Lee County Board of Supervisors (Lee County) requires all roads to have shoulders.
¶ 4. Michael Derrick Barrentine, a civil engineer, testified that County Road 100 violated both the Lee County standard and National standard for allowable pavement heights at the scene of the accident. He testified that for a road with a speed limit of fifty-five miles per hour, a pavement differential greater than two inches constitutes a dangerous condition.
¶ 5. Lorri Wright initiated this action individually and on behalf of Nicholas and John, her sons, and filed a complaint on September 20, 2006, against Daimler-chrysler Corporation and Lee County. On October 20, 2008, Daimlerehrysler was dismissed with prejudice after reaching a settlement with Wright. After a trial[1] held in the Lee County Circuit Court on July 12, 2010, Lee County moved for a directed verdict. The circuit judge granted Lee County’s motion and entered an order dismissing the action after finding that Lee County had engaged in a discretionary function and had immunity under Mississippi Code Annotated section 11-46 — 9(d) (Supp. 2010). Wright filed an appeal on August 24, 2010.[2] Finding no error, we affirm.
STANDARD OF REVIEW
¶ 6. On appeal, this Court employs a de novo review of a trial court’s decision to grant a motion for a directed verdict. Alfa Mut. Ins. Co. v. Cascio, 909 So.2d 174, 177 (¶ 11) (Miss.Ct.App.2005). Upon review, we view the evidence in the record in the same light as the trial court. Id.
¶ 7. In Thomas v. Smith, 786 So.2d 418, 419 (¶ 2) (Miss.Ct.App.2001), this Court stated that the standard to be applied by the trial court in considering a motion for a directed verdict is as follows:
The trial court may direct a verdict for the defendant at the close of the plaintiffs proof under authority of Mississippi Rule of Civil Procedure 50(a) if, in the opinion of the court, the plaintiff has failed to present credible evidence to establish the necessary elements of his right to recover. Hall v. Miss[.] Chem. Express, Inc., 528 So.2d 796, 798 (Miss.1988). The court must consider all evidence then before it in the light most favorable to the plaintiff and must concede to the plaintiff all favorable inferences that could reasonably be said to arise from that evidence. Benjamin v. Hooper Electronic Supply Co., Inc., 568 So.2d 1182, 1187 (Miss.1990). Only if, viewed in that light, the court determines that the matter is so overwhelmingly in favor of the defendant that no reasonable juror could find for the plaintiff, should the court direct a defendant’s verdict. Id,.
DISCUSSION
I. Whether the circuit court erred in finding that the maintenance and/or creation of a shoulder on County Road 100 was a discretionary function under section 11-46-9.
 ¶ 8. As her first assignment of error, Wright argues that the circuit court erred in determining that the maintenance and creation of a shoulder on County Road 100 constituted a discretionary function under section 11-46-9. The principal statutory law relevant to this case falls under *1249 the Mississippi Torts Claim Act (MTCA) pursuant to section ll-46-9(l)(a-y) (Supp. 2010). Under the MTCA, any governmental entity enjoys sovereign immunity, and no aggrieved party can sue an employee in his individual capacity unless the employee acted outside the scope of his employment. Miss. Dep’t of Transp. v. Trosclair, 851 So.2d 408, 413 (¶ 12) (Miss.Ct.App.2003). However, the Mississippi Legislature provided that under certain circumstances, a person damaged because of a governmental employee’s act could sue the government entity for money damages. Specifically, section 11^46-9(l)(d) provides that the state has not waived its immunity for any act “[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]”
¶ 9. In Dancy v. East Mississippi State Hospital, 944 So.2d 10, 16 (¶ 18) (Miss.2006) (citation omitted), the Mississippi Supreme Court stated that two questions must be answered when determining whether governmental conduct is discretionary: “(1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment in supervision involves social, eeonomie[,] or political policy alternatives.”
¶ 10. Regarding the first question, this Court must first determine whether the function is discretionary or ministerial. Id. at (¶ 19). The court in Dancy explained that a duty is discretionary if such duty requires an official to use her own judgment and discretion in order to carry out the duty. Id. (citation omitted). However, a duty is ministerial, as opposed to discretionary, “if it is imposed by law and its performance is not dependent on the employee’s judgment.” Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 968 (¶ 20) (Miss.Ct.App.2009) (citation omitted).
¶ 11. Turning to the second question, “if the act at issue does require discretion or judgment, then for sovereign immunity to be triggered under the discretionary exemption, the act must also have been subject to some form of public policy analysis.” Id. at 968-69 (¶ 21). In Dancy, 944 So.2d at 18 (¶ 23), the supreme court stated that “when established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a[g]overnment agent to exercise discretion, it must be presumed that the agent’s acts are grounded in policy when exercising that discretion.”
¶ 12. Wright admits that section 11-46-9(l)(d) provides immunity for a governmental entity’s performance of, or failure to perform, discretionary functions or duties. However, Wright argues that the circuit court erred in holding that since Lee County, in maintaining County Road 100, engaged in activity involving choice or judgment regarding social, economic, or political activity, such maintenance constituted a discretionary function. Wright argues that based on Allred’s testimony that all Lee County roads were required to have a shoulder and that the maximum pavement differential was three to four inches, such road maintenance is not discretionary; rather, it is mandatory.
¶ 13. However, this Court recognizes that prior to the enactment of the MTCA, the supreme court ruled that road maintenance is a discretionary function. Brazeale v. Lewis, 498 So.2d 321, 323 (Miss.1986). Additionally, post-MTCA, this Court has continued to follow the supreme court’s precedent in holding that road maintenance is a discretionary function. Jones v. Miss. Transp. Comm’n, 920 So.2d 516, 518-19 (¶ 4) (Miss.Ct.App.2006). Since Mississippi case law clearly establishes that road maintenance is a discretionary function, we therefore find that the *1250 circuit court properly granted Lee County’s motion for a directed verdict based on the discretionary exception from liability pursuant to section ll-46-9(l)(d). This issue lacks merit.
II. Whether, pursuant to the MTCA, a governmental entity can ever exercise its discretion in such a way as to create or allow a dangerous condition to exist.
¶ 14. Wright next argues that the conduct of Lee County cannot be discretionary because section 11^46-9(1)0) does not allow entities to create statutorily or allow a dangerous condition to go unnoticed. Wright claims that since no evidence was presented at trial to contradict the claims that Lee County had notice of the dangerous condition of County Road 100, Lee County is liable under 11 — 46—9(1 )(v). Section ll-46-9(l)(v) states:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
[[Image here]]
(v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care[.]
¶ 15. However, the trial transcript reflects that when ruling on Lee County’s motion for a directed verdict, the circuit judge stated:
For the same reasons that [Wright] asserts that this is a dangerous circumstance permitted by the negligent maintenance by [Lee County], it is, in fact, an open and obvious circumstance. So under [section ll-46-9(l)(v) ], I believe that even that does not give the plaintiff any relief.
¶ 16. Wright also points to the concept of “Frasier’s Octopus,” which, when applied to the present case, explains that the exemptions in section 11^46-9 “are disjunctive in nature, and thus, ‘like an octopus’s arms; even if one does not get you, another one may.’” Knight, 10 So.3d at 971 (¶32). Wright argues that this concept does not apply to the present case, and she asserts that “exceptions to the exemptions” exist under section 11-46-9. Wright submits that an act, or failure to act, is either exempt from immunity or it is exempt from the exemptions.
¶ 17. However, in Knight, 10 So.3d at 971 (¶ 33) (citing Willing v. Estate of Benz, 958 So.2d 1240, 1255 (¶40) (Miss.Ct.App. 2007)), this Court clarified that “Frasier’s Octopus” does apply in cases involving section 11-46-9, stating: “[a]s established by precedent of both this Court and the supreme court, where any of the immunities enumerated in section 11-49-9(1) apply, the government is completely immune from the claims arising from the act or omission complained of.”
¶ 18. Additionally, in Mississippi Department of Mental Health and Ellisville State School v. Shaw, 45 So.3d 656, 660 (¶ 19) (Miss.2010), our supreme court held that even if the governmental entity abuses its discretion in creating a dangerous condition, the governmental entity still has immunity.
¶ 19. As a result, we find that the circuit court did not err in granting Lee County’s motion for a directed verdict.
¶ 20. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS *1251 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.

. Pursuant to the Mississippi Torts Claim Act, there was no jury.

. The record reflects that no post-trial motions were filed.