CARLTON, J.,
concurring in result only:
¶ 19. I concur in the result reached by the majority but do so upon a different rationale than the majority.
¶ 20. In granting summary judgment, the trial court found that no triable issue existed since Lawrence County possessed immunity under the exception enumerated in Mississippi Code Annotated section 11-46 — 9(l)(d) (Supp.2011). However, the trial court further provided that Lawrence County possessed immunity under Mississippi Code Annotated section 11^6-9(l)(v) (Supp.2011), since the crevasse in the middle of the road “would be obvious to one exercising due care.” I concur in the result reached by the majority and the trial court based upon this latter ground.
¶ 21. The majority finds no error, even though neither the trial court nor this Court utilized the second part of the two-prong discretionary-function test, which involves a determination of whether the choice or judgment by Lawrence County constituted social, economic, or political al *709 ternatives.[1] The majority finds the comprehensive language in the trial court’s order was sufficient to indicate that Lawrence County’s decision to place barricades and barrels at or near the crevasse was a discretionary function for which ordinary care is not required. I disagree, and respectfully submit that such determination requires a full analysis in accordance with the two-prong test set forth by the Mississippi Supreme Court. See Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 968 (¶ 19) (Miss.Ct.App.2009) (citing Dancy v. E. Miss. State Hosp., 944 So.2d 10, 16 (¶ 18) (Miss.2006)) (To determine whether governmental conduct is discretionary, a court must address two questions: “(1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives.”).
¶ 22. This case reflects no determination by this Court nor the trial court of whether Lawrence County’s decision in issue constituted a discretionary function by utilizing both parts of the two-prong test. I respectfully submit that we should decide this case in accordance with the second basis of immunity under section 11-46-9(l)(v), set forth by the trial court in support of its grant of summary judgment. I therefore concur in result with the majority.

. The method for determining whether an act is discretionary or ministerial has been clearly established. See Covington County Sch. Dist. v. Magee, 29 So.3d 1, 5-6 (¶ 8) (Miss. 2010); Dancy v. East Miss. State Hosp., 944 So.2d 10, 16 (¶ 19) (Miss.2006) (finding that a duty .is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee); Miss. Dep’t of Mental Health v. Hall, 936 So.2d 917, 924-25 (¶ 17) (Miss.2006) (explaining that a duty is ministerial if positively imposed by law and required to be performed at a specific time and place, removing the duty from an officer’s or entity's choice or judgment).