635 So.2d 839 (1994)
STATE of Mississippi, Governor Kirk Fordice, Lee Roy Black, Commissioner of the Mississippi Department of Corrections, and the Mississippi Department of Corrections
v.
HINDS COUNTY BOARD OF SUPERVISORS In Its Official Capacity, and Malcolm McMillan, Sheriff of Hinds County, Mississippi, In His Official Capacity.
No. 91-CA-00717.
Supreme Court of Mississippi.
March 31, 1994.
*840 Michael C. Moore, Atty. Gen., Robert E. Sanders, Asst. Atty. Gen., Jackson, for appellant.
Barry W. Gilmer, Rick D. Herndon, Gilmer Law Firm, Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
This case comes before this Court on appeal from the Final Judgment of the Circuit Court of the First Judicial District of Hinds County. The trial court rendered a decision in favor of Plaintiffs, Hinds County Board of Supervisors, against Defendants, State of Mississippi and Mississippi Department of Corrections, in finding that the reimbursement limitation contained in Miss. Code Ann. § 47-5-112 was unconstitutional on its face and in its effect. The State now appeals that decision, asserting that the action against them is barred by the doctrine of sovereign immunity and that the reimbursement provision contained in Miss. Code Ann. § 47-5-112 is not unconstitutional.

FACTS
This case was filed May 8, 1989, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, seeking injunctive relief, declaratory relief and reimbursement of funds from the State. Hinds County alleged that Miss. Code Ann. § 47-5-112[1] amounted to an unlawful taking of county property without compensation in violation of the Fifth Amendment to the United States Constitution and in violation of § 17 of the Mississippi Constitution. Hinds County further alleged that the statute violated Article 10 of the Mississippi Constitution. The complaint prayed for damages and injunctive relief.
The State filed an answer July 6, 1989, setting forth that the action was barred by the doctrine of sovereign immunity and that the complaint failed to state a claim upon which relief could be granted.
Two separate hearings were had on Hinds County's request for preliminary injunction. The first was held on September 8, 1989. This hearing ended when Hinds County asked for a continuance. The second hearing was held on January 25, 1990. At this hearing, Hinds County requested that the court *841 grant a nonsuit and dismiss the part of the complaint that related to the allegation that the State prison had exceeded a federal court ordered cap on state inmates at the Hinds County Jail. Hinds County stated that at this hearing they intended to show that § 47-5-112 was unconstitutional. Hinds County asked that the court hear at another time the question of the amount of financial relief. At the second hearing, Hinds County advanced testimony in an attempt to establish that reimbursement paid by the State pursuant to Miss. Code Ann. § 47-5-112 in the amount of $10.00 per day per state inmate housed in Hinds county jails was inadequate. Hinds County argued that this inadequate reimbursement resulted in the county being forced to pay for a majority of the costs of housing state inmates.
On July 10, 1991, the court entered a final judgment. The trial court found that in enacting Miss. Code Ann. § 47-5-112 the Legislature improperly limited the Mississippi Department of Corrections reimbursement payment to the County to $10.00 per day per prisoner. The trial court found further that the legislative purpose of Miss. Code Ann. § 47-5-112 was to relieve overcrowding in the Mississippi State Penitentiary and that the $10.00 per day per prisoner provision was inadequate to carry out the legislative purpose behind the statute. The court further found that the actual costs per day per prisoner grossly exceeded the sum of $10.00 per day per prisoner. The trial court interpreted and construed the language of the statute to include reimbursement for all actual costs incurred by Hinds County for the housing and feeding of State inmates placed in county facilities by the State.
The trial court further found that § 47-5-112 operated to tax citizens of Hinds County on a basis peculiar only to Hinds County in violation of Article 4, § 112 of the Mississippi Constitution.
The trial court ordered that from May 8, 1989, until July 1, 1991, Hinds County should be entitled to recover all of its actual costs in housing state inmates in excess of the $10.00 per day per prisoner limit, or that the State should remove their prisoners from Hinds County jails.
The State filed a notice of appeal on July 17, 1991.

ASSIGNMENT OF ERRORS
The State assigns the following as errors:
I. WHETHER THIS ACTION FOR DAMAGES AGAINST THE STATE IS BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.
II. WHETHER MISS. CODE ANN. § 47-5-112 VIOLATES ANY "RIGHT" ENJOYED BY THE HINDS COUNTY BOARD OF SUPERVISORS OR THE SHERIFF OF HINDS COUNTY UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION OR UNDER § 17 OF THE MISSISSIPPI CONSTITUTION.
III. WHETHER A POLITICAL SUBDIVISION SUCH AS HINDS COUNTY CAN MAINTAIN AN ACTION FOR DAMAGES AGAINST THE STATE.
IV. WHETHER THE CIRCUIT COURT ERRED IN DETERMINING THAT MISS. CODE ANN. § 47-5-112 "IS INADEQUATE TO CARRY OUT THE LEGISLATIVE PURPOSE IMBEDDED IN THE STATUTE", AND, THEREFORE, IS UNENFORCEABLE.
V. WHETHER THE CIRCUIT COURT ERRED IN HOLDING THAT MISS. CODE ANN. § 47-5-112 IS VIOLATIVE OF § 112 OF THE MISSISSIPPI CONSTITUTION.

DISCUSSION

I.

Was this Action Barred by the Doctrine of Sovereign Immunity?

1.
The State argued that the action in the case sub judice was prosecuted for money damages and should have been dismissed on the basis of sovereign immunity. Hinds *842 County stated that the general rule was that no immunity existed when the relief sought was a declaration that a particular statute or action of the state was unconstitutional. Hinds County argued that the relief it requested was a declaration that Miss. Code Ann. § 47-5-112 was unconstitutional, therefore the action was not barred by the doctrine of sovereign immunity.

2.
Mississippi law supports the proposition that no sovereign immunity existed when the relief sought was a declaration that a particular statute or action of the State was unconstitutional. In Tucker v. Hinds County, 558 So.2d 869 (Miss. 1990), this Court quoted from Williams v. Walley, 295 So.2d 286, 288 (Miss. 1974):
when private property is taken without payment therefor, the courts are open to provide a remedy against the sovereign or any of its subdivisions. Otherwise section 17 of the Mississippi Constitution would be meaningless.
Though Williams does not explicitly deal with due process violation, it follows that to allow the sovereign immunity defense to block suits based on other provisions of the Mississippi Constitution would render them just as meaningless.
Tucker, 558 So.2d at 872, 873.
These cases make clear the fact that there is no sovereign immunity when the relief sought is a declaration that a particular statute or action of the State is unconstitutional. Since Hinds County sought a determination whether or not § 47-5-112 violated any constitutional rights enjoyed by the county, this action was not barred. However, as will be pointed out, there was no right enjoyed by Hinds County that was violated.

3.
When the State is sued to determine whether a state statute or action is unconstitutional, the State cannot be held liable for damages if the conduct falls within one of the exceptions found in Miss.Code Section 11-46-9.
Miss.Code Section 11-46-1(d) states "Governmental entity" means and includes the state and political subdivisions as herein defined. Section 11-46-9 entitled "Exemption of governmental entity from liability on claims based on specified circumstances" states:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: (emphasis added)
(a) Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;
.....
(d) Arising out of an injury caused by adopting or failing to adopt a statute, ordinance or regulation;
.....
(f) Arising out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services;
.....
(o) Arising out of the lack of adequate personnel or facilities at a state hospital or state corrections facility if reasonable use of available appropriations has been made to provide such personnel or facilities.
The Court finds that this statute prevents Hinds County from recovering from the State.

II.

Did Miss. Code Ann. § 47-5-112 Violate Any "Right" Enjoyed by the Hinds County Board of Supervisors or the Sheriff of Hinds County Under the Fifth Amendment to the United States Constitution or Under § 17 of the Mississippi Constitution?
Although the State argued effectively that no "right" was violated under the Fifth Amendment to the United States Constitution or under § 17 of the Mississippi Constitution, the trial court did not base its decision *843 on either of these sections. If the trial court had based its decision on either of these sections, it would have been in error. Since there was no constitutional right violated, Hinds County's suit could have been dismissed for failure to state a claim or on a motion for summary judgment.
It has been established that political subdivisions of a state have no Fifth or Fourteenth Amendment protections against the state. See City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923); Board of Levee Commissioners of the Orleans Levee Board v. Huls, 852 F.2d 140, 142-143 (5th Cir.1988). Section 17 of the Mississippi Constitution provided no greater protection to Hinds County. Section 17 expressly provides that private property is the only property within its prohibitions. It can hardly be maintained that the Hinds County Detention Center, or the Hinds County Treasury are private property. This Court has affirmed the State's authority to control its political subdivisions. In Jackson County v. Neville, 131 Miss. 599, 95 So. 626, 629 (1923), it was decided that
[t]he revenues of a county are not the property of the county in the sense in which the revenue of a private person or corporation is regarded. The revenues of a county are subject to the control of the Legislature, and when the Legislature directs their application to a particular purpose or the payment of the claims of particular parties, the obligation to so pay is thereby imposed on the county.
In State ex rel. Knox v. Board of Supervisors of Grenada County, 141 Miss. 701, 105 So. 541 (1925), this Court held that:
[t]he Legislature has the right to control the counties, their property and funds, unless specifically restricted by some constitutional prohibition, regulation, or limitation.
Id. 105 So. at 547.
Accordingly, we find that no constitutional right that is enjoyed by Hinds County was violated by the State's action.

III.

Can a Political Subdivision Such As Hinds County Maintain An Action For Damages Against The State?
The State argued that as shown in Jackson County v. Neville, 131 Miss. 599, 95 So. 626 (1923), and State ex rel. Knox v. Board of Supervisors of Grenada County, 141 Miss. 701, 105 So. 541 (1925), that anything that belonged to a county also belonged to the state and that the state simply had a creator's power to control the county. See also Leflore County v. Big Sand Drainage District, 383 So.2d 501 (Miss. 1980) (counties are political subdivisions of the state, created for convenience and having no right not expressly created by the state); Capitol Electric Power Association v. Mississippi Power and Light Co., 218 So.2d 707 (Miss. 1968) (same).
Mississippi Code Ann. Section 11-45-17 states:
Any county may sue or be sued by its name, and suits against the county shall be instituted in any court having jurisdiction of the amount sitting at the county site; but suit shall not be brought by the county without the authority of the board of supervisors, except as otherwise provided by law.
In Harrison County v. City of Gulfport, 557 So.2d 780 (Miss. 1990), this Court held that counties may, with certain limitations, bring lawsuits much the same as ordinary citizens. The Court pointed out that Miss. Code Ann. § 11-45-17 provided that counties may bring suit when properly authorized by the Board of Supervisors. Miss. Code Ann. § 19-3-40 provides that a Board of Supervisors may only adopt orders "which are not inconsistent with the Mississippi Constitution, the Mississippi Code of 1972, or any other statute or law of the State of Mississippi ...".
The State argued that since the action in the case sub judice conflicted with the statutory sovereign immunity set forth in § 11-46-6, then the Board of Supervisors had no authority to authorize the filing of the suit. A suit is barred, in this instance, under Miss. Code Ann. § 11-46-1 or § 11-46-6.

*844 IV.

Did the Circuit Court Err in Determining That Miss. Code Ann. § 47-5-112 Was Inadequate To Carry Out The Legislative Purpose Of The Statute?
The lower court found that the purpose for the passage of Miss. Code Ann. § 47-5-112 (Supp. 1988) was to relieve overcrowding at the Mississippi State Penitentiary located at Parchman by placing State prisoners in various county jails. Although the court found that the legislature was vested with the inherent authority to carry out such a purpose (by authority vested in the legislature by Article 10 of the Mississippi Constitution), the court found that the $10.00 per day per prisoner provision of the statute was inadequate to carry out the legislative purpose. The court interpreted the statute to include reimbursement for all actual costs incurred by Hinds County for the housing and feeding of State prisoners placed in its facilities by the Mississippi Department of Corrections. The court further found that the actual costs of housing, feeding and furnishing medical attention to State prisoners grossly exceeded $10.00 per day per prisoner.
Hinds County argued that the lower court was correct in its determination that the $10.00 per day per prisoner provision was inadequate to carry out the legislative purpose. While the $10.00 per day per prisoner appears to come short of covering actual costs of housing state prisoners,[2] this provision does not violate the legislative purpose of § 47-5-112.
The lower court interpreted § 47-5-112 as stating that the State is required to pay the county all actual costs incurred for the housing of State prisoners.
That is not what the statute requires. Section 47-5-112 provides:
... "The cost of feeding and housing offenders confined in such county jails shall be based on actual costs or contract price per prisoner not to exceed Ten Dollars ($10.00) per day per offender. Such determination shall be revised annually.
Section 47-5-901(2) dropped the last sentence in the statute that stated "Such determination shall be revised annually." This would appear to indicate a conscious decision on the legislature to leave Ten Dollars ($10.00) the maximum amount the State will pay for food and housing to county jails that house State inmates.
The purpose of § 47-5-112, which is now § 47-5-901 et seq., was to relieve overcrowding in prisons. In order to do so the Legislature enacted a statute that specifically allowed the State to house inmates in county jails. The fact that the Legislature chose to pay the county only $10.00 per day per prisoner does not make the statute inadequate to relieve overcrowding in the State Penitentiary.
The Department of Corrections would not have to pay the counties housing State prisoners anything if the Department of Corrections did not have available funds. Section 47-5-112(3) (1988 Supp.) states:
Upon vouchers submitted by the board of supervisors of any county housing persons under the provisions of this section, the Department of Corrections shall pay to such county, out of any available funds, the actual cost of food, or contract price per prisoner, not to exceed Ten Dollars ($10.00) per day per offender as determined under subsection (2) of this section for each day an offender is so confined beginning the fifth day following the date the offender is committed and taken into custody by the sheriff and will terminate on the date on which the offender is released or otherwise removed from the custody of the county jail, and shall pay the actual cost for medical attention for prisoners unless the Commissioner of Corrections shall find that the costs of any medical services rendered are unreasonable. Such payment shall be placed in an appropriate fund and shall be expended only for food and medical attention for such persons. *845 The Court reverses the trial court and finds that the statute does effectively carry out the legislative purpose.

V.

Did the Circuit Court Err In Holding That Miss. Code Ann. § 47-5-112 Violated § 112 of the Mississippi Constitution?
The trial court found in the final judgment that § 47-5-112 (Supp. 1988) operated to tax the citizens of Hinds County on a basis peculiar only to Hinds County in violation of Article 4, § 112 of the Mississippi Constitution of 1890. The court stated:
Specifically, Miss. Code Ann. § 47-5-112 (Supp. 1988) operated to impose the payment of an indebtedness exclusively on Hinds County which is not particularly the debt of Hinds County. The burden of bearing the expense of housing and feeding prisoners of the State of Mississippi is imposed upon the State as a whole by the Mississippi Constitution of 1890. The practical, daily operation of Miss. Code Ann. § 47-5-112 (Supp. 1988) as applied to Hinds County has caused the citizens of Hinds County to bear an unequal and non-uniform portion of the total debt for the housing of State prisoners as compared to the balance of the State.
The court made this erroneous ruling even though Hinds County never alleged (in any pleading or argument) that § 47-5-112 violated § 112 of the Mississippi Constitution. Section 112 regulates ad valorem taxation on private property in Mississippi. Nothing in § 47-5-112 caused the property of citizens of Hinds County to be classified or valued any differently than property of citizens of other counties throughout the State. The provisions of § 47-5-112 applied equally throughout the State wherever State inmates were housed in county jails. Nothing in § 112 of the Mississippi constitution in any way affects the validity of Mississippi Code Ann. § 47-5-112. Accordingly, the Court reverses the lower court's ruling to this effect.

CONCLUSION
This case emphasizes the overcrowding problem faced by jails and prisons throughout the State. Although the cost of housing a State inmate in a county jail apparently exceeds ten dollars ($10.00) per day per prisoner, there is nothing unconstitutional in limiting the amount the State will pay to county jails housing State inmates.
The Legislature enacted § 47-5-112 to allow State prisoners to be housed in county jails. In so doing, the Legislature made a decision to compensate the county jails for food and housing at a maximum of $10.00 per day per prisoner. If the Legislature intended to pay all costs, it would not have placed a cap on what was to be paid.
Accordingly, we reverse and render the decision of the lower court.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in result only.
NOTES
[1] The statute was re-codified and can be found at § 47-5-901 et seq. Since the briefs made reference to § 47-5-112 and the reimbursement provision remained at ten dollars ($10) per day per prisoner in § 47-5-901, then § 47-5-112 is used throughout this opinion. The effect of this opinion shall apply to § 47-5-901.
[2] The State in its brief stated that the total direct costs per inmate per day at the Hinds County Detention Center ranged from $23.86 to $25.61.