# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CA-00711-SCT

*GREYHOUND WELFARE FOUNDATION D/B/A NATIONAL GREYHOUND ADOPTION NETWORK, IN DEFENSE OF ANIMALS AND DOLL STANLEY-BRANSCUM, IN HER OFFICIAL CAPACITY AS AGENT FOR GREYHOUND WELFARE FOUNDATION D/B/A NATIONAL GREYHOUND ADOPTION NETWORK AND AS DIRECTOR OF INVESTIGATIONS FOR THE MID-SOUTH REGIONAL OFFICE, IN DEFENSE OF ANIMALS*

*v.*

*MISSISSIPPI STATE UNIVERSITY AND PHILIP D. NELSON, IN HIS OFFICIAL CAPACITY AS ASSOCIATE DEAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/1997 |
| TRIAL JUDGE: | HON. ROBERT L. LANCASTER |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | DANNY L. CROTWELL |
| ATTORNEYS FOR APPELLEES: | JOHNNIE M. HALEY |
| | CHARLES L. GUEST |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 4/22/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/13/99 |

**BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. This matter was initiated by the filing of a complaint for injunction and for replevin in the Chancery Court of Oktibbeha County, Mississippi. Appellants Greyhound Welfare Foundation d/b/a National Greyhound Adoption Network, In Defense of Animals, and Doll Stanley-Branscum (hereinafter Greyhound Welfare Foundation) sought a temporary restraining order (TRO), preliminary and injunctive relief, and a judgment for possession of twelve greyhound dogs from appellees Mississippi State University and Phillip D. Nelson, in his official capacity as Associate Dean (hereinafter MSU).

¶2. In its complaint, Greyhound Welfare Foundation alleged that it was entitled to possession of some twelve greyhound racing dogs which had been acquired by MSU from a racing facility in Eutaw, Alabama,

without the consent and knowledge of the owners of the animals. Some of the animals in question were apparently held by the College of Veterinary Medicine at MSU for the purposes of experimentation and research.

¶3. The trial court denied Greyhound Welfare Foundation's request for a TRO, and upon MSU's Motion to Dismiss or for Summary Judgement, entered a Judgment of Dismissal, citing as grounds therefore that Greyhound Welfare Foundation's suit was barred by Miss. Code Ann. §11-46-1 to -23, the state sovereign immunity and tort claims act. The trial court did not address other grounds for dismissal raised by MSU in its motion. It is from this Judgment of Dismissal that Greyhound Welfare Foundation appeals.

¶4. Greyhound Welfare Foundation raises this singular issue on appeal:

**I. WHETHER OR NOT THE STATE OF MISSISSIPPI, OR ITS AGENCIES AND INSTITUTIONS, ARE SHIELDED FROM ACTIONS FOR REPLEVIN AND/OR INJUNCTIVE RELIEF BY §11-46-1, ET. SEQ., OF THE MISSISSIPPI CODE OF 1972?**

## LEGAL ANALYSIS

¶5. These greyhound racing dogs were received by MSU as donations between 1994 and 1996. The complaint, seeking a temporary restraining order, preliminary injunction and permanent injunction was filed on March 24, 1997. We find that the trial court's granting of the order of dismissal based upon the action being barred by sovereign immunity was erroneous. We held in *Fordice v. Thomas*, 649 So.2d 835, 839-840 (Miss., 1995), that the Mississippi Tort Claims Act applies only to tort suits for money damages. There we held:

This act was a direct response to *Pruett v. City of Rosedale*, 421 So. 2d 1046 (Miss., 1982), and should not be construed to immunize governmental authorities and agencies from suits other than for money damages. . . .

649 So.2d at 840. Accord, *USPCI of Mississippi, Inc. v. State ex rel. McGowan*, 688 So.2d 783, 789 (Miss., 1997). See also, *State v. Hinds County Bd. of Sup'rs*, 635 So.2d 839, 842 (Miss., 1994) (sovereign immunity does not bar suit seeking declaratory judgment that state statute or action is unconstitutional).

¶6. The question before us is whether via the Mississippi Tort Claims Act, Miss. Code Ann. §§11-46-1 to -23 (Supp. 1998), the State of Mississippi has lawfully proscribed actions against itself for the return of private property allegedly wrongfully acquired by the State or its agencies or institutions. The lower court found that the state was immune from this replevin action. Greyhound Welfare Foundation does not seek money damages in the instant action, but seeks the return of property which it claims is wrongfully held by the State, and a judgment of possession of the same. Greyhound Welfare Foundation is entitled to be heard on this cause of action against the State.

¶7. The Chancellor's interpretation of the Mississippi Tort Claims Act was incorrect, and the order of dismissal entered in the lower court, which is based solely on sovereign immunity, was erroneous. The broad reading given by the lower court would unduly restrict the rights of citizens to challenge the allegedly improper acts of the State and extend the doctrine of sovereign immunity far beyond its traditional common law scope and beyond the intent of the Legislature.

## CONCLUSION

¶8. The judgment by the lower court erroneously extended the doctrine of sovereign immunity beyond its intended scope and restricted the rights of citizens to challenge allegedly improper acts of the State. For these reasons, we reverse the Chancellor's order of dismissal and remand this case for further proceedings consistent with this opinion.

¶9. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR. COBB, J., NOT PARTICIPATING**