On Rehearing
STEWART, J.,
dissents to the denial of application for rehearing and assigns reasons.
For majority opinion of the court, see La.App., 911 So.2d 346.
I would grant the rehearing. The majority’s decision impermissibly expands the parameters of police authority in contravention of the Fourth Amendment protection against unreasonable searches and seizure.
I will acknowledge that an officer may perform an investigatory stop with reasonable cause. He may also stop a suspect based on probable cause. However, the majority decision allows an officer to stop a person just “because” — as in “because I want to.” The majority is correct in its conclusion that an officer may seek a citizen’s “voluntary cooperation” in furtherance of an investigation. However, the law does not permit an officer to stop and seize a citizen and demand “voluntary cooperation” with an investigation without meeting basic standards of reasonableness. According to the majority’s skewed reasoning, all any officer has to do anytime he stops a person illegally is to utter the talismanic words, “I was seeking voluntary cooperation” to cloak his behavior under an air of legality. What makes this legal fiction even more absurd in this case is the fact that the officer had no jurisdiction.
The majority decision is disturbing and frightening as it essentially erases the guarantees afforded to our citizenry by the Fourth Amendment. The “ends justifies the means” concept has never been the appropriate standard of appellate review. Its application in this case is errant and will have unfortunate consequences for citizens who decline to voluntarily cooperate with an illegal search or seizure. Consequently, I must respectfully dissent.