MAXWELL, J.,
for the Court:
¶ 1. Don McElroy sued Simpson County, Mississippi, for failing to warn him of a dangerous road condition caused by a rain storm. The County claimed it was entitled to sovereign immunity under Mississippi Code Annotated section 11-46-9(1) (Supp. 2010). The circuit court rejected the County’s immunity-based defense and instead found the County liable under section ll-46-9(l)(b) for failing to exercise ordinary care in placing warning signs along the road.
¶ 2. We find the circuit court erroneously applied Mississippi Code Annotated section ll-46-9(l)(b) and also failed to apply the immunizing provision in section 11-46-9(l)(d). Because we find the County is statutorily immune from McElroy’s claim, we reverse and render.
*623 FACTS AND PROCEDURAL HISTORY
¶3. On February 5, 2004, heavy rains pounded Simpson County, washing out a culvert below Shorter Road, a county-maintained road. That evening, local residents notified the County of the washout. The County’s road manager, Gary Sullivan, sent road foreman, William “Red” Busby, to close the road. The residents watched as Busby and his crew placed on each side of the washout two-foot by two-foot white fiberglass signs with “Road Closed” painted in fluorescent orange. The crew also strung two strands of four-inch wide yellow warning tape across the road, with fluorescent streamers hanging between the strands of tape. Afterwards, they left Shorter Road to work on other road hazards created by the storm.
¶ 4. Early the following morning, McEl-roy drove across the washout at fifty miles per hour. His truck struck the hole created by the washout, badly injuring his knee. He testified he did not .see any warnings signs or warning tape.
¶ 5. McElroy sued the County under the Mississippi Tort Claims Act (MTCA). He alleged the County (1) failed to properly design, construct, and maintain Shorter Road and (2) failed to warn of the dangerous condition caused by the washout. The County moved for summary judgment on both claims, arguing the County was entitled to immunity under Mississippi Code Annotated section 11^46-9(1). The circuit court reserved its ruling on the County’s motion until after evidence was presented at a bench trial.
¶6. The circuit judge found McElroy failed to meet his burden of proof on his road-design, construction, and repair claim and entered judgment in favor of the County on that claim. But the circuit judge found McElroy’s failure-to-warn claim was controlled by Mississippi Code Annotated section 11 — 46—9(l)(b), which he concluded “requires that ordinary care be exercised in the warning of dangerous conditions.”
¶ 7. The circuit judge held that the County failed to exercise ordinary care by using inadequate signs “in light of the attendant weather circumstances.” The judge found the signs used to close Shorter Road must have blown away in the night. He reasoned that instead of using the signs which were in the back of Busby’s truck, Busby should have gone to the County’s storage barn to get larger signs and barricades. Because he did not, the circuit judge found the County liable to McElroy for $106,896.29.
¶ 8. After an unsuccessful post-judgment motion, the County timely appealed.
STANDARD OF REVIEW
¶ 9. The issue on appeal is whether the County is immune from liability for McElroy’s tort claim based on Mississippi Code Annotated section 11-46-9(1). Immunity is a question of law. Dancy v. E. Miss. State Hosp., 944 So.2d 10, 15 (¶ 16) (Miss.2006). We review questions of law de novo. Madison HMA, Inc. v. St. Dominic-Jackson Mem’l Hosp., 35 So.3d 1209, 1215 (¶ 17) (Miss.2010).
DISCUSSION
¶ 10. There are two distinct reasons we cannot affirm the judgment of the circuit court. First, the circuit court’s basis for imposing liability — Mississippi Code Annotated section ll-46-9(l)(b) — does not apply to this case. Subsection 9(l)(b) only applies to claims arising out of the exercise of ordinary care in performing a statute, ordinance, or regulation. And the circuit court found the County neither performed a statute, ordinance, or regulation nor exercised ordinary care.
*624 ¶ 11. Second, though the County did have a common-law duty to warn drivers of known dangerous road conditions, in this case, it was shielded against McEl-ro/s claim for breach of that duty. Because the circuit court failed to apply the immunizing provision found in Mississippi Code Annotated section 11^46-9(l)(d), we have no choice but to reverse its award of tort damages against the County and render a judgment in favor of the County.
I. Mississippi Code Annotated Section 11-46-9(1)
¶ 12. The MTCA waives sovereign immunity for tort claims for money damages against governmental entities and their employees. Dancy, 944 So.2d at 15 (¶ 17). But there are twenty-five specific exceptions from the general waiver of sovereign immunity. Miss.Code Ann. § 11-46-9(1). If any one of these exceptions apply, “the government is completely immune from any claim arising from the act or omission complained of.” Willing v. Estate of Benz, 958 So.2d 1240, 1255 (¶40) (Miss.Ct.App.2007) (citing State v. Hinds County Bd. of Supervisors, 635 So.2d 839, 842 (Miss.1994)).
¶ 13. Section 11-46-9(1) restores sovereign immunity. It does not in itself create duties. We emphasize this because both the circuit court in its order of judgment and McElroy in his brief have incorrectly suggested this statute is the source of the duty to use ordinary care in warning motorists of dangerous conditions.
¶ 14. Contrary to the circuit court’s finding, section 11^46-9(1)(b) does not create a duty of ordinary care. Mississippi Code Annotated section 11-46-9(1)(b) provides:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ... (b) Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid[.]
¶ 15. Like its sister exceptions, this provision immunizes against tort claims. When a government employee has exercised ordinary care in executing (or failing to execute) a statute, ordinance, or regulation, a government entity is immune, even if the statute, ordinance, or regulation is invalid. Miss.Code Ann. § 11-46-9(1)(b). See Shelly Mott Diaz & Robert A. Weems, Exempt or Not Exempt: Clarifying the Confusion Surrounding the Relationship Between the Discretionary Function Exemption and the Performance of Statute Exemption in the Mississippi Tort Claims Act, 80 Miss. L.J. 45 (2010) (noting this exemption is meant to address the rare situation when plaintiff brings a tort claim to test the legality of a rule or regulation). Here, the performance of an underlying statute, ordinance, or regulation is not at issue. Further, the circuit court found the County failed to exercise ordinary care. Therefore, section ll-46-9(l)(b) is wholly inapplicable, and the circuit court’s use of this provision to impose liability was error.
¶ 16. That is not to say the County had no duty to warn. See, e.g., Willing, 958 So.2d at 1251 (¶ 29) & n. 5 (acknowledging the general, non-ministerial duty to warn of known dangerous conditions). But as with all tort claims against government entities, before reaching the question of liability, the circuit court had to ask whether the County is immune based on one of the provision of section 11416-9(1).
¶ 17. The County argues four separate provisions immunize it from liability in this *625 case.[1] Because we find the circuit court failed to apply the “discretionary function” exemption, we must reverse its award of tort damages and render judgment for the County.
II. Discretionary Function
¶ 18. Mississippi Code Annotated section 11 — 46—9(l)(d) provides immunity from claims “[bjased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental'entity or employee thereof, whether or not the discretion be abused[.]” So long as the employee was performing a discretionary function, the government is immune, even if the employee abused his discretion. Barrentine v. Miss. Dep’t of Transp., 913 So.2d 891, 394 (¶ 12) (Miss.Ct.App.2005) (citing Miss.Code Ann. § 11-46-9(1)(d)); see also Collins v. Tallahatchie County, 876 So.2d 284, 289 (¶ 17) (Miss.2004) (finding ordinary-care standard does not apply to Miss.Code Ann. § 11 — 46—9(1)(d)). “Accordingly, in determining whether an act or omission falls within the immunity granted by section 11-46—9(1)(d), the relevant inquiry begins and ends with the determination of whether the conduct complained of was discretionary.” Willing, 958 So.2d at 1250 (¶ 25).
¶ 19. The Mississippi Supreme Court has adopted a two-part public-function test to determine if government conduct is an immune discretionary function. Id. at 1250 (¶ 26) (citing Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (¶ 11) (Miss.1999)). First, we ask “whether the activity involved an element of choice or judgment.” Id. (citations omitted). And, if so, we next ask whether the activity involved social, economic, or political policy. Id.; see also Dancy, 944 So.2d at 16 (¶ 18).
A. Choice or Judgment
¶ 20. To answer this first question, we ask whether the Busby’s action was discretionary or ministerial. Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 968 (¶ 20) (Miss.Ct.App.2009). “A duty is discretionary if it requires an official to use her own judgment and discretion in order to carry out the duty.” Id. (citing Dancy, 944 So.2d at 16 (¶ 19)). “On the other hand, a duty is ministerial and not discretionary if it is imposed by law and its performance is not dependent on the employee’s judgment.” Id. (citations and quotations omitted); see also Covington County Sch. Dist. v. Magee, 29 So.3d 1, 4 (¶ 8) (Miss.2010) (describing an act as ministerial if “its performance [is] required at a time and in a manner or upon conditions which are specifically designated”).
¶ 21. McElroy fails to cite any law or regulation that specifically directed the conduct of Busby and his crew when closing Shorter Road and left them no choice in what warnings signs to use. We reject his argument that Mississippi Code Annotated section ll-46-9(l)(v) created a ministerial duty to warn of dangerous conditions. Like subsection 9(1)(b), subsection 9(l)(v) confers immunity, specifically for failure to warn of unknown or open and obvious dangerous conditions on government property.[2] It does not conversely *626 impose a prescribed time and manner for warning of known, non-obvious dangerous conditions.
¶ 22. Busby exercised his judgment when he chose to use the signs readily available in his truck rather than leave Shorter Road to retrieve barricades and other signs. The circuit court acknowledged as much, stating Busby “chose to utilize the aforesaid method of warning.” Busby’s actions were discretionary, not ministerial. Thus, we find the County meets the first prong of the discretionary-function test. And we note this finding is consistent with other cases holding that warning of road hazards is a discretionary duty. See, e.g., Knight, 10 So.3d at 970 (¶¶ 26-27) (placement of highway warning signs discretionary); Willing, 958 So.2d at 1250-53 (¶¶ 28-33) (method of warning of icy patch on highway discretionary); Barrentine, 913 So.2d at 393 (¶ 8) (failure to place warnings signs on bridge discretionary).
B. Social, Economic, or Political Policy
¶ 23. The second prong of the public-function test limits the scope of discretionary-function immunity to “only those functions which by nature are policy decisions, whether made at the operational or planning level.” Dancy, 944 So.2d at 16 (¶ 17) (citations omitted). “The purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.” Id.
1124. We find the County’s use of road-closure signs involved economic policy. The County’s road manager, Sullivan, testified the County limited its budget for road signs and barricades. To save money, his department made hand-painted fiberglass signs, including the ones Busby placed on Shorter Road. Sullivan testified it was his department’s policy to use barricades and purchased signs for planned road closures, such as construction projects, and to use the “homemade” signs for temporary closures, such as bad weather conditions. In using the fiberglass signs in the back of his truck, Busby was following County procedure, grounded in economic policy. By finding the County liable in tort for Busby’s failure to use more expensive (albeit sturdier) signs, the circuit court was second-guessing the County’s administrative decision to use the “homemade” signs for temporary road closures.
¶ 25. Because the County’s actions also meet second-prong of the public-function test, the County was performing a discretionary function and is, therefore, shielded from liability under Mississippi Code Annotated section 11-46-9(1)(d). Cf. Webb v. County of Lincoln, 536 So.2d 1356, 1358-59 (Miss.1988) (citing State v. Lewis, 498 So.2d 321, 323 (Miss.1986)) (finding county immune for failure to replace stop sign at dead-end street because decision of which roads to repair involved economic considerations); Knight, 10 So.3d at 970 (¶ 28) (finding duty to place warning signs clearly requires the policy considerations in doing so); Barrentine, 913 So.2d at 393 (¶ 8) (finding placement or non-placement *627 of warning signs a discretionary governmental function immune from liability under Miss.Code Ann. § ll-46-9(l)(d)).
¶ 26. Having found section 11-46-9(l)(d) applies, we need not address whether any remaining exceptions apply. Mississippi Supreme Court precedent is clear that where any one exception applies the government is completely immune. Willing, 958 So.2d at 1255 (¶ 40) (citing Hinds County Bd. of Supervisors, 635 So.2d at 842; Pearl River Valley Water Supply Dist. v. Bridges, 878 So.2d 1013, 1020 (¶ 32) (Miss.Ct.App.2004)).
CONCLUSION
¶27. A preliminary inquiry in cases governed by the MTCA is whether the government defendant enjoys sovereign immunity based on the application of one of the twenty-five provisions of Mississippi Code Annotated section 11-46-9(1). Here, the circuit court erroneously relied on an inapplicable provision — section 11-46-9(l)(b) — to find liability, not immunity. Further, it failed to apply section 11-46-9(l)(d), which provided the County immunity against McElroy’s tort claim. Therefore, we reverse the circuit court’s judgment of $106,896.29 against the County and render judgment in favor of the County-
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.

. The County argues the following provisions apply: (1) subsection 9(l)(d) — immunizing claims for injuries arising from the performance of a discretionary function; (2) subsection 9(l)(q) — immunizing claims for injuries caused solely by a weather condition on the use of streets and highways; (3) subsection 9(l)(v) — immunizing claims for injuries arising from a dangerous condition for which the County did not have notice or was open and obvious; and (4) subsection 9(1 )(w) — immunizing claims for injuries arising from the absence of sign or warning device. Miss.Code Ann. § 11 — 46—9(l)(d), (q), (v), and (w).

. Mississippi Code Annotated section 11 — 46— 9(1 )(v) provides:
*626 A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ... (v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the govemmen-tal entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care[.]