BARNES, J.,
for the Court:
¶ 1. Arnetria Aultman appeals the Lawrence County Circuit Court’s grant of summary judgment in favor of Lawrence County, Mississippi, under the Mississippi Torts Claims Act (MTCA). Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On April 13, 2009, just after midnight, Aultman was injured when her vehicle plunged into a huge crevasse that was approximately twenty feet wide and ten feet deep. The crevasse formed when a section of Oak Grove Road was washed out following heavy rainfall in Lawrence County, Mississippi. Another vehicle, driven by Angelean Ball, had fallen into the crevasse a few hours earlier when the road initially gave way. Immediately after the first accident involving Ball, Lawrence County Supervisors Archie Ross and Steve Garrett placed warning barricades that bore three horizontal orange and white planks at the accident site. The barricades were placed at the intersection of F.E. Sellers Highway and Oak Grove Road, and the intersection of John Peyton Lane and Oak Grove Road. Ross stated that when he left the site at approximately 11:30 p.m., the barricades were properly in place. According to sworn affidavits from a sheriffs deputy, Jonathan Alford, and a fireman, John Fuller, construction barrels were also placed on each side of the crevasse where the road was washed out. Aultman and the two passengers in her vehicle at the time of the accident stated that they saw an orange and white barricade sitting off to the side of the road about twelve to fifteen car lengths before the huge crevasse, but they claimed no other warning signs were present. However, Fuller stated that construction barrels had been knocked into the crevasse, and the tow truck driver stated that Aultman admitted to him that she had driven around a barricade.
¶ 3. On June 15, 2010, Aultman filed an action against Lawrence County, alleging that it failed to warn the public of the washed-out portion of Oak Grove Road. Lawrence County responded with a motion for summary judgment, claiming it was immune from liability under the MTCA’s discretionary-function exemption found in Mississippi Code Annotated section 11-46-9(l)(d) (Rev.2002).
¶ 4. On March 9, 2011, the circuit court granted summary judgment, finding that no triable issue existed since Lawrence County had immunity under the exception enumerated in section 11^46-9(l)(d). The circuit court also concluded that Lawrence County had immunity under Mississippi Code Annotated section 11^6-9(l)(v) (Rev.2002), as the crevasse in the middle of the road “would be obvious to one exercising due care.” Aultman now appeals, and finding no error, we affirm the circuit court’s grant of summary judgment for Lawrence County.
DISCUSSION
¶ 5. Review of a governmental entity’s immunity under the MTCA is a question of law. City of Jackson v. Harris, 44 So.3d 927, 931 (¶19) (Miss.2010). “This Court analyzes the [circuit] court’s grant or denial of summary judgment, as well as the application of the MTCA, de novo.” *705 Wiltshire v. Miss. Fairgrounds Comm’n, 75 So.3d 563, 566 (¶ 9) (Miss.Ct.App.2011) (citing Price v. Clark, 21 So.3d 509, 517 (¶ 10) (Miss.2009)). Rule 56 of the Mississippi Rules of Civil Procedure provides that summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file,, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
I. Whether the placement of traffic control devices is a discretionary function under Mississippi Code Annotated section 11 — 46—9(l)(d).
¶ 6. Mississippi Code Annotated section 11 — 46—9(l)(d) provides immunity for government entities and its employees from claims that are “[bjased upon the' exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a government entity or employee thereof, whether or not the discretion be abused[.]” “Discretionary governmental functions are protected by the MTCA and are immune from liability.” Barrentine v. Miss. Dep’t. of Transp., 913 So.2d 391, 393 (¶ 8) (Miss.Ct. App.2005) (citing Miss. Code Ann. § 11-46-9(l)(d)). A two-part public-policy-function test is used to determine whether the governmental conduct constitutes a discretionary function. Wiltshire, 75 So.3d at 567 (¶ 10). First, it must be determined “whether the activity involved an element of choice or judgment.” Id. (citing Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (¶ 11) (Miss.1999) (overruled on other grounds) (quotations omitted)). “If so, it must then be determined ‘whether the choice or judgment involved social, economic, or political policy.’ ” Id. (quoting Jones, 744 So.2d at 260 (¶ 10)).
¶ 7. As to the test’s first prong, “a duty is discretionary if it requires an official to use her own judgment and discretion in the performance thereof.” Dancy v. E. Miss. State Hosp., 944 So.2d 10, 16 (¶ 19) (Miss.2006) (citation omitted). Conversely, an act is considered ministerial if the duty is one that has been “positively imposed by law and required to be performed at a specific time and place, removing an officer’s or entity’s choice or judgment.” Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 19) (Miss.2012) (citing Covington County Sch. Dist. v. Magee, 29 So.3d 1, 5 (¶8) (Miss.2010)). Aultman contends that the placement of warning signs is a ministerial function. However, Mississippi Code Annotated section 63-3-305 (Rev.2004) states that officials “shall place and maintain such traffic control devices upon highways ... as they may deem necessary ... to regulate, warn or guide traffic.” (Emphasis added). As the circuit court acknowledges in its order, it is well-settled law in Mississippi that the “placement or non-placement of traffic control devices or signs is a discretionary governmental function.” Barrentine, 913 So.2d at 393 (¶ 8) (citing Webb v. County of Lincoln, 536 So.2d 1356, 1359 (Miss.1988)); see also Montgomery, 80 So.3d at 798 (¶ 33) (“[T]he placement or nonplacement of traffic-control devices to warn of dangerous conditions involves choice and judgment and is not ministerial.”); Wright v. Lee County, 71 So.3d 1246, 1249 (¶ 13) (Miss. Ct.App.2011) (“[R]oad maintenance is a discretionary function.”) (citation omitted). Since Lawrence County officials used their judgment in deciding when and where to place the traffic control devices, the act is considered a discretionary function.
¶ 8. Under the test’s second prong, “only those functions which by nature are policy decisions, whether made at the op *706 erational or planning level,” will be afforded immunity. Montgomery, 80 So.3d at 799 (¶ 34) (quoting Dancy, 944 So.2d at 16 (¶ 17)). “The purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.” Id. In analyzing the public-policy function test, the Mississippi Supreme Court has stated that the focus is not on the decision maker’s “subjective intent in exercising the discretion conferred by statute^] but on the nature of the actions taken and on whether they are susceptible to policy analysis.” Id. (quoting United States v. Gaubert, 499 U.S. 315, 325, 111 S.Ct. 1267,113 L.Ed.2d 335 (1991)).
¶ 9. In Simpson County v. McElroy, 82 So.3d 621, 626 (¶22) (Miss.Ct.App.2011), this Court recently held that a county employee’s decision to use signs in his truck to warn drivers of a washed-out portion of a road involved an exercise of judgment, and his “actions were discretionary, not ministerial.” Furthermore, the use of the “homemade” signs for temporary road situations “involved economic policy.” Id. at (¶ 24). Consequently, we held that the county’s actions were “shielded from liability under Mississippi Code Annotated section 11 — 46—9(l)(d).” Id. at (¶ 25).
¶ 10. Aultman argues that the circuit court erred by failing to make a determination of whether Lawrence County’s choice or judgment-to place warning barricades on Oak Grove Road, to alert motorists of the dangerous condition-involved social, economic, or political policy. While Aultman is correct that the circuit court did not specifically discuss the second prong of the test regarding the policy behind Lawrence County’s decision, neither party introduced this issue in any of its motions or arguments to the circuit court. See III. Cent. R.R. Co. v. Byrd, 44 So.3d 943, 948 (¶ 14) (Miss.2010) (“unless substantial rights are affected, issues not presented to the trial judge are procedurally barred from being raised for the first time on appeal.” (citing Dora v. State, 986 So.2d 917, 925 (¶ 18) (Miss.2008))). Regardless, while it would have been better practice for the circuit court to discuss the two-part public-policy-function test specifically in its grant of summary judgment, we find that the comprehensive language in the court’s order, indicating that “Lawrence County’s decision to place barricades and barrels (traffic control devices or warning signs) at or near the crevasse was therefore a discretionary function for which ordinary care is not required,” is sufficient for this Court to presume that the appropriate standard was employed. Accordingly, we find no error in the circuit court’s analysis and conclusions regarding Lawrence County’s discretionary immunity-
¶ 11. Additionally, there is a presumption that when a governmental agency, through “statute, regulation, or agency guidelines, allows a government agent to exercise discretion,” those acts “are grounded in policy when exercising that discretion.” Montgomery, 80 So.3d at 800 (¶ 39) (quoting Dancy, 944 So.2d at 18 (¶ 23)). It was Aultman’s responsibility to rebut the presumption that the discretion exercised by Lawrence County officials in placing the warning signs was grounded in public policy. See id. Other than her broad assertion on appeal that the circuit court failed to address the issue of policy, she has provided neither the circuit court, nor this Court, with any specific facts to rebut the presumption that the county’s actions were “grounded in policy.” On the other hand, Lawrence County contends that its decision “to place warning signs at both ends of the road” until a crew could repair it the next morning “was a reasonable decision based upon economic and *707 social policy,” especially considering its “limited resources and the flash flooding” that had occurred.
¶ 12. We conclude that the circuit court did not err in finding that Lawrence County’s placement of the warning devices constituted a discretionary function for which it has immunity under Mississippi Code Annotated section 11 — 46—9(l)(d).
II. Whether Lawrence County was entitled to immunity under Mississippi Code Annotated section ll-46-9(l)(v).
¶ 18. Aultman argues that -there is a genuine issue of material fact as to whether the crevasse in Oak Grove Road was “open and obvious” under the requirements of Mississippi Code Annotated section 11 — 46—9(l)(v), which provides that a governmental entity shall not be liable for any claim:
[a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.
(Emphasis added). Aultman contends that since she had no prior knowledge that the crevasse existed and it was very dark at the time of the accident, the dangerous condition was not “open and obvious.” She does not dispute that Lawrence County placed barricades at or near the site of the dangerous condition. In fact, Aultman and her two passengers stated that they saw an orange and white barricade sitting off to the side of the road approximately twelve to fifteen car lengths from the crevasse. However, Aultman claims that her affidavit and those of her passengers indicated that they “only saw one barricade at the side of the roadway, not blocking the entrance nor blocking passage over the washed out area of the road,” then the condition was not obvious.
¶ 14. For argument’s sake, the circuit court stated in its order that even if Lawrence County was not immune under section 11 — 46—9(l)(d), it would be immune under section 11-46 — 9(l)(v). The circuit court noted that the affidavits indicated that “there was a ‘huge’ crevasse in the center of the road” and concluded that this condition “would be obvious to one exercising due care.” The circuit court also submitted that Lawrence County warned the public of the condition by placing traffic control devices near the crevasse.
¶ 15. Furthermore, this Court has held that when summary judgment is found to be “appropriate as to section 11 — 46—9(l)(d), we need not engage in any analysis regarding [an] Appellant’s] claim as to section ll-46-9(l)(v).” Knight v. Miss. Transp. Comm’n, 10 So.3d 962, 971 (¶ 33) (Miss.Ct.App.2009). Consequently, “where any of the immunities enumerated in section 11 — 46-9(1) apply, the government is completely immune from the claims arising from the act or omission complained of.” Id. (quoting Willing v. Benz, 958 So.2d 1240, 1255 (¶40) (Miss.Ct. App.2007)). Since no genuine issue of material fact existed regarding Lawrence County’s immunity under section 11-46-9(l)(d), it is unnecessary to conduct an analysis of its immunity under section 11-46-9(l)(v).
III. Whether Lawrence County was entitled to immunity under Mississippi Code Annotated section ll-46-9(l)(w).
¶ 16. Although not addressed by the circuit court or Aultman, Lawrence *708 County submitted a credible argument in its answer and on appeal regarding immunity under section ll-46-9(l)(w), which states that a governmental entity is not liable for injuries:
[a]rising out of the absence, condition, malfunction or removal by third parties of any sign, signal, warning device, illumination device, guardrail or median barrier, unless the absence, condition, malfunction or removal is not corrected by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice[.]
As stated, since we found immunity under other provisions of the statute, it is unnecessary to analyze whether immunity existed under section ll-46-9(l)(w). Notwithstanding, the record supports immunity under section ll-46-9(l)(w).
¶ 17. According to Supervisor Ross’s affidavit, the warning barricades were placed blocking the entrance to Oak Grove Road at approximately 9:00 p.m., and they were still in place when he left the area at 11:30 p.m. Aultman’s incident occurred less than one hour later. Aultman claims that the only barricade she saw at the time of her accident was “12-15 car lengths back from the huge crevasse.” However, Ault-man has failed to create a genuine issue of material fact as to whether the barricades had been placed as represented by Lawrence County. Even if the warning signs were moved to the side of the road and the barrels knocked into the crevasse as was claimed in the other affidavits, logic would dictate that a third party was responsible. Moreover, as Lawrence County argues: “[I]t cannot be said that enough time had passed to place Defendant on constructive notice that the barricade had been moved, if they were even moved as [Aultman] contends.” Therefore, as an alternative means of affirmance, Lawrence County would also have immunity under section ll-46-9(l)(w).
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION. RUSSELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.